Colin Gerstner
Paul Adam
GERSTNER ADAM LAW PLLC
2828 1st Ave. S.
Billings, Montana 59101
Telephone: (406) 969-3100
colin@gerstneradamlaw.com
paul@gerstneradamlaw.com

*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| SHAWN O'BRIEN, <br><br> Plaintiff, <br><br> v. <br><br> MONTANA HIGH SCHOOL ASSOCIATION and MONTANA OFFICIALS ASSOCIATION, <br><br> Defendants. | Cause No.  CV-23-13-BLG-SPW-KLD <br><br> **COMPLAINT** |

Plaintiff Shawn O'Brien brings this action pursuant to 42 U.S.C. § 1983 and Montana state law for violations of his constitutional right to free speech. For his Complaint against the Defendants, O'Brien alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331, as the main claim arises under the Constitution and laws

of the United States. The Court also has jurisdiction under 28 U.S.C. § 1343, as O'Brien seeks redress for the deprivation (under color of state law, statute, ordinance, regulation, custom, or usage) of his rights, privileges, and immunities secured by the Constitution of the United States and/or Acts of Congress.

2. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over O'Brien's Montana Constitution claim as it is so related to the claim in the action within the original jurisdiction that they form part of the same case or controversy.

3. This Court has personal jurisdiction over the Defendants.

4. Venue is proper in this Court because O'Brien's suspension occurred within Yellowstone County, Montana.

## PARTIES

5. O'Brien is and was a citizen of Yellowstone County, Montana, at all times relevant to this action.

6. Defendant Montana High School Association ("MHSA") is a non-profit corporation organized under Montana law. MHSA governs high school interscholastic activities in Montana, including athletics.

7. Upon information and belief, every public high school in Montana is a member of MHSA. In addition, a significant percentage of private high

schools in Montana are members of MHSA. The majority of MHSA's Executive Board and members of its committees are state school officials. In addition, MHSA is funded in part by annual dues paid by its member schools.

8. Defendant Montana Officials Association ("MOA") is an entity affiliated with MHSA. MOA administers the rules at high school athletic contests and governs the officials for high school sports.

9. MHSA and MOA share an Executive Director and official headquarters. MHSA staff handle the administration of MOA and interpret MOA policy. MHSA furnishes all equipment and supplies necessary to administer MOA business. This includes providing office supplies, supplying rule books, publishing MOA newsletters, issuing MOA membership cards, conducting rules clinics for officials, and receiving MOA membership dues. In return for providing all of those services, all MOA income from its members' annual dues is credited to MHSA.

10. MOA is in effect a subsidiary of MHSA. MOA is under the MHSA's umbrella.

**FACTUAL ALLEGATIONS**

11. O'Brien has been a soccer referee for 25 years and has been an MOA soccer referee for approximately 14 years. O'Brien is a highly competent soccer

referee that has been assigned to referee high school playoff and state championship games. In addition, O'Brien officiates college soccer.

12. MOA soccer referees are independent contractors and not employees.

13. Beginning in 2021, MHSA and/or MOA and soccer referees discussed certain policy changes. O'Brien was among the referees involved in those discussions. The potential policy changes pertained, in part, to how soccer referees are compensated and assigned games. MHSA and/or MOA ultimately did not modify their policies to O'Brien's satisfaction.

14. On August 28, 2022, the Billings Gazette published a letter to the editor authored by O'Brien. The letter is reproduced below:

**MHSA pushing out soccer officials**

Watch out this soccer season high school players, coaches, and parents. When you get discouraged because you don't have a full crew of three officials or maybe someone who you think doesn't do a great job, know this; in a time where recruitment and retainment is low, officials around the state got together and proposed some changes to the Montana High School Association.

Many of our officials are getting older and retiring, and we are trying to recruit new younger officials. This is hard when MHSA policy discourages new referees from joining due to increasing fees, no compensation for driving up to 100 miles roundtrip, and no compensation to assignors providing a service to the school despite the expectation that each pool provides this service.

Items, requests, and proposals were brought to MHSA last fall and were denied. Those same items, requests, and proposals were again brought up in the spring and denied. In a sport where we have too many soccer games and not enough officials MOA/MHSA is making it very difficult to be a MOA soccer official.

I have been officiating soccer for 25 years and have worked with a variety of organizations, and MHSA is by far the hardest to work for. MHSA only cares about themselves and what's best for them. Some cities around the state have chosen to take a stand and dissolve official pools. These officials will not be spending countless hours assigning officials to games for free and driving up to a 100 miles round trip without compensation anymore.

MHSA met with soccer official leaders around the state in mid-July with the hopes of compromise, but only to be told no again.

Players, coaches, and parents if you are disappointed with what you see on the field this upcoming season, I urge you to let your athletic directors, and the staff at MHSA know your concerns.

> Shawn O'Brien
> Billings

15. O'Brien believed every factual statement made in his letter to be true.

16. Two days after the Billings Gazette published the letter, a MOA Regional Director provided O'Brien with an official notice for the filing of misconduct charges. The sole basis for the misconduct charges was O'Brien's letter.

17. On December 5, 2022, the MOA Board held a hearing on the misconduct charges. The only evidence of misconduct provided at the hearing was O'Brien's letter to the Billings Gazette.

18. On December 19, 2022, the MHSA/MOA Executive Director provided O'Brien with the MOA Board's decision. MOA found that O'Brien violated four sections of the MOA Handbook by: (1) failing to shape his character

and conduct so as to be a worthy example to the boys and girls who play under his jurisdiction; (2) having behavior unbecoming of an official and/or conduct contrary to the best interests of the MOA; (3) providing derogatory news media releases and/or interviews; and (4) acting in manner detrimental to the interests of the MOA, MHSA, and interscholastic athletics.

19. As punishment, the MHSA/MOA fined O'Brien $200 and suspended him through the 2023-2024 season. Again, the sole basis for this punishment was O'Brien's letter to the Billings Gazette.

20. O'Brien timely appealed the MOA's decision to the MHSA/MOA Executive Director, per the MOA Handbook.

21. The Executive Director affirmed the MOA's decision to punish O'Brien.

22. O'Brien has exhausted all administrative remedies.

## COUNT ONE
**(42 U.S.C. § 1983 against both Defendants)**

23. At all relevant times, MHSA and MOA acted under color of law.

24. MHSA and MOA qualify as a "person" as that term is used in 42 U.S.C. § 1983.

25. The First Amendment to the U.S. Constitution prohibits "abridging the freedom of speech." The First Amendment's right to free speech was made applicable to the states through the Fourteenth Amendment.

Page 6 of 8

26. MHSA and MOA violated O'Brien's First Amendment right to free speech by punishing him for writing a letter for publication in the Billings Gazette.

27. O'Brien's letter to the Billings Gazette was protected speech. It addressed a matter of legitimate public concern.

28. As a result of the letter, MHSA and MOA took adverse action against O'Brien. The letter was the sole reason for O'Brien's suspension.

29. O'Brien has suffered damages and will suffer future damages if his punishment is kept in place.

### COUNT TWO
### (Mont. Const. Art. II, § 7 against both Defendants)

30. Mont. Const. Art. II, § 7 guarantees every Montanan the right to "be free to speak or publish whatever he will on any subject, being responsible for all abuse of that liberty."

31. MHSA and MOA are state actors.

32. MHSA and MOA violated the Montana Constitution's guarantee to freedom of speech when it suspended and fined O'Brien.

33. MHSA and MOA's violation of O'Brien's rights have caused him to suffer damages. O'Brien will suffer future damages if his punishment is kept in place.

WHEREFORE, Plaintiff Shawn O'Brien requests the following relief against both Defendants, jointly and severally:

1.  An injunction prohibiting the enforcement of the Defendants' punishment for O'Brien, including the $200 fine and suspension;

2.  Nominal damages if this matter is resolved prior to the upcoming soccer season;

3.  In the alternative, lost pay for games that O'Brien was not able to referee if the suspension remains in place through upcoming soccer seasons;

4.  Awarding O'Brien his attorney fees and costs; and

5.  Any other relief that the Court may deem just and equitable under the circumstances.

DATED this 2nd day of February, 2023.

GERSTNER ADAM LAW PLLC

/s/ Colin Gerstner
By: Colin Gerstner
Attorneys for the Plaintiff